*1360 NEWMAN, Circuit Judge,
dissenting in part.
As the Armed Services Board of contract Appeals determined, there were serious flaws in the bidding and thus in the performance of this contract. Whether Grumman actually knew that the information that it states it expected from the Air Force was not available or was seriously inadequate is far from clear, but a discrepancy of $100 million between the bids of the incumbent Lockheed (who knew of the flaws and inadequacies) and the competitor Grumman is so extreme that some flaw in the bidding information should be considered, for it is clear that the Air Force had knowledge based on which it could not have expected adequate performance at the bid price. Government procurement is not a game of “gotcha.” The likely impossibility of performance should have been communicated before, not after, the contract was awarded and performance was undertaken.
The Board indeed found that significant additional costs were incurred due to the state of the project as Grumman received it. That is, whatever the reason for the inadequate communication of the nature of the information that would be available to Grumman after award, the Board found that much more work was reasonably required. Further, the Board found that Grumman was entitled to compensation for at least some of this work, and denied compensation only because of the difficulty of measuring precisely what costs were due to precisely what aspects. It is not disputed that these measurement difficulties existed. This is a classic example of the procedure that has come to be called the “jury-verdict” method of measuring performance costs in government contracts. See, e.g., Bluebonnet Savings Bank, F.S.B. v. U.S., 466 F.3d 1349, 1359 (Fed.Cir.2006) (“jury verdict damages are allowed where there is ‘clear proof of injury and ... no more reliable method for computing damages.’ ”); Raytheon Co. v. White, 305 F.3d 1354 (Fed.Cir.2002):
The jury verdict method is designed to produce an approximation of damages based on the entire record. Before resorting to the jury verdict method, a court (or Board) must determine (1) that clear proof of injury exists; (2) that there is no more reliable method for calculating damages; and (3) that the evidence is sufficient to make a fair and reasonable approximation of the damages.
Id at 1367 (citing WRB Corporation v. United States, 183 Ct.Cl. 409, 425 (1968)). This method should have been applied here, with the Board making its best estimate of a fair and just award based on the best available information. It is neither fair nor just to deny compensation simply because it is hard to measure. From the court’s acceptance and endorsement of this denial, I respectfully dissent.